Nov. Term,
1851.

MUSGRAVE
v.
GLASGOW.

---

MUSGRAVE and Another *v.* GLASGOW.

In an action against principal and surety upon a promissory note, evidence was adduced by the defendant, tending to show that, at the time appointed for the payment of the note, the principal offered to pay the same, and that the payee, without receiving the money or surrendering the note, made an oral agreement with the principal for a new loan of the money, upon the sole responsibility of the latter; but the Court instructed the jury that the evidence constituted no defense to the action. *Held*, that the instruction of the Court was erroneous.

APPEAL from the *Dearborn* Circuit Court.

SMITH, J.—Debt upon two joint and several notes for

*Tuesday,
November 25.*

the payment of 100 dollars each, made by *Musgrave* and *Bond* in favor of *Glasgow*. Judgment for the plaintiff for the amount of the notes.

*Musgrave* let judgment go against him by default. *Bond* appeared and pleaded the general issue, and several special pleas. Demurrers were sustained to all the special pleas, but as it is agreed by both parties that the evidence applicable under the special pleas might have been, and was, given under the general issue, it is unnecessary to notice them.

The facts relied upon as a defense by *Bond*, were as follows:

*Bond* was the security of *Musgrave* on the notes sued upon. The notes were drawn payable one day after date, but it was understood that *Musgrave* was to have the money for a trip down the river, and there was a verbal agreement that the latter was to pay 10 *per cent.* interest for the use of it. *Musgrave* came back from his trip down the river, in *May*, 1848; he then went to *Glasgow* with money to pay the two notes now sued upon, and another note for 100 dollars which *Glasgow* held and upon which *Bond* was not a party. He told *Glasgow* he was ready to pay, and offered to pay, all the notes, but *Glasgow* told him he then wanted only 100 dollars, and that he wished him to keep the rest, as he desired it to be drawing interest. *Musgrave* told *Glasgow* he would have no use for the money unless he could keep it until the next spring, and if he, *Glasgow*, would need the money before the next spring, he had better take it then. *Glasgow* then agreed that *Musgrave* should keep it until the next spring, the latter agreeing to pay 10 *per cent.* interest for it. At the time of this agreement, *Glasgow* asked *Musgrave* if *Bond* would be willing to stand as security for the money again, and *Musgrave* answered that *Bond* had told him, *Musgrave*, he did not want to do so. *Glasgow* then said to *Musgrave*, " it will make no difference, I think you are good for it." *Musgrave* then paid *Glasgow* 100 dollars, and took up the note signed by him for that amount, and

brought away the money he had carried to *Glasgow* to pay the notes upon which *Bond* was security, leaving those notes in *Glasgow's* possession.

Two witnesses testified that, after this transaction, *Glasgow* had inquired of them as to the standing of *Musgrave*, telling them that he had loaned *Musgrave* money, with *Bond* as his security, and had afterwards let *Musgrave* have the money again for another trip down the river, taking *Musgrave* alone for it.

The Court instructed the jury, substantially, that this evidence did not constitute any "defense to the suit, and was not admissible under the general issue."

We think this evidence tended to prove that there was, really, a payment of the original notes and a new loan made to *Musgrave* on his sole responsibility. If *Musgrave* had actually placed the money in the hands of *Glasgow* for the payment of the notes, and afterwards received it back from him as a new loan, under the circumstances detailed, it cannot be doubted that this would have been a payment, and *Bond* would have been discharged. And if the parties intended to waive the formality of passing the money from one to the other and back again, but really to consider the transaction as a payment and new loan, we do not see any good reason why it might not be so regarded by the jury. Viewed in this light, the evidence was admissible and the instructions given were erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. L. Spooner* and *E. Dumont*, for the appellants.

*J. Ryman*, for the appellee.